**David Preston PARDUE, Appellant,**

v.

**Larry NORRIS, Director, Arkansas Department of Correction, Appellee.**

No. 95–2579.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 9, 1996.

Decided Jan. 24, 1996.

D. Franklin Arey, III, argued, Conway, Arkansas, for appellant.

Joseph V. Svoboda, Assistant Attorney General, argued, for appellee.

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

David Preston Pardue appeals the denial of his second 28 U.S.C. § 2254 petition for abuse of the writ. We affirm.

Pardue was convicted of robbery of a Wal-Mart store in 1987. His conviction was affirmed on appeal. He filed his first petition for habeas corpus relief in 1989, alleging newly discovered evidence relating to eyewitness identification. In the present petition, Pardue challenges the lawfulness of his arrest and asserts ineffective assistance of counsel.[1]

A second or successive petition for habeas corpus must be dismissed as an abuse of the writ unless the petitioner can show external cause and prejudice or a fundamental miscarriage of justice. *McCleskey v. Zant*, 499 U.S. 467, 493–94, 111 S.Ct. 1454, 1469–70, 113 L.Ed.2d 517 (1991). Pardue has not shown that he lacked a factual or legal basis to raise his claims in the first petition or that anything else prevented him from doing so.

After consideration of Pardue's arguments on appeal, we affirm for the reasons stated in the district court's well reasoned opinion. See 8th Cir.R. 47B.

---

1. Pardue has moved to supplement the record with an affidavit never presented to the district court. In the affidavit, Pardue asserts that his attorney had a conflict of interest by virtue of her former marriage to a member of the family of the founder of Wal–Mart. She had been divorced for over 10 years before she represented Pardue. Pardue asserts that he only recently became aware of this fact. The State of Arkansas opposes the motion to supplement the record, but nonetheless offers the affidavit of Pardue's attorney. In the affidavit, she states that Pardue knew of her relationship to the Walton family at the time of his first habeas corpus petition.

Pardue has shown no reason why these materials were not presented to the district court, in spite of several opportunities to present them— e.g., in response to a show cause order, or as part of an objection to the magistrate's findings. Accordingly, Pardue's motion to supplement the record is denied. We add that if we were to consider the evidence, it would not change this outcome.